IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>SEMCRUDE, L.P.,<br><br>      Debtor.<br><br>_____<br><br>NEW DOMINION, LLC,<br><br><br>      Plaintiff,<br><br>v.<br><br>J. ARON & COMPANY,<br><br>      Defendant. | ) Chapter 11<br>) Bk. No. 08-11525(BLS)<br>) BAP No. 11-51774<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 18-1831-CFC<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

William A. Hazeltine, MORRIS, SULLIVAN, HAZELTINE ALLISON LLP, Wilmington, Delaware

    *Counsel for Plaintiff*

Don A. Beskrone and Stacy L. Newman, ASHBY & GEDDES, Wilmington, Delaware

    *Counsel for Defendant*

June, 15, 2020
Wilmington, Delaware

_/s/ Ch. F. C._
CONNOLLY, UNITED STATES DISTRICT JUDGE

Pending before me in this non-core adversary proceeding are the Bankruptcy Judge's Proposed Findings and Fact and Conclusions of Law, D.I. 1, and Plaintiff New Dominion, LLC's objections thereto, D.I. 1-1. The Bankruptcy Judge recommended that I grant Defendant J. Aron & Company's renewed motion for summary judgment and deny New Dominion's motion for partial summary judgment. D.I. 1 at 7. The Bankruptcy Judge based his recommendation on his finding that New Dominion expressly warranted when it sold oil to a wholly owned subsidiary of Debtor SemCrude, L.P. in June 2008 that the oil was free from all liens and that New Dominion therefore waived its right to assert a lien against J. Aron who subsequently purchased the oil from the subsidiary. _Id._ at 6–7. The Bankruptcy Judge made his ruling and recommendation pursuant to 28 U.S.C. § 157(c)(1) and Federal Rule of Bankruptcy Procedure 9033(a). I review his ruling and recommendation de novo. Fed. R. Bankr. P. 9033(d).

It is undisputed that New Dominion sold the oil in question pursuant to a contract in which New Dominion expressly warranted that the oil was free from all liens. New Dominion argues that the Bankruptcy Judge's ruling that this warranty waived New Dominion's right to assert a lien against a subsequent purchaser of the oil "misinterprets" the warranty. D.I. 1-1 at 2. I disagree.

First, contrary to New Dominion's assertions, the absence of the word "waiver" in the warranty is of no consequence. Under Oklahoma law, which the parties agree controls, a party can waive its rights without using the word "waiver." *See, e.g., Smith v. Citizens State Bank of Hugo*, 732 P.2d 911, 913 (Okla. Civ. App. 1986) (party "can, by its conduct or statements, waive its lien rights"). The contract in question in this case was unambiguous—New Dominion warranted that the oil it sold was "free from all . . . liens [and] encumbrances." D.I. 1 at 3.

Second, New Dominion argues that it warranted in the applicable contract only that the oil in question was free of liens "as of the date of the sale." D.I. 1-1 at 3. But I agree with the Bankruptcy Judge that the warranty that the oil was free from liens and encumbrances "cannot be revived and asserted against subsequent purchasers at a later date in the event of payment default by the first purchaser" and that "this proposition is entirely inconsistent with the legal intent and effect of a warranty of good title, and wholly impractical in the context of the energy market." D.I. 1 at 7.

Third, New Dominion argues that because its lien claims arise in Oklahoma they are different from claims previously dismissed by the Bankruptcy Court. D.I. 1-1 at 3. But this difference is of no moment because New Dominion expressly warranted that the oil was free from liens. New Dominion does not explain why

Oklahoma would treat such an express warranty differently than any other jurisdiction.

There being no disputed issue of material fact, the Bankruptcy Court correctly held that J. Aron was entitled to summary judgment as a matter of law and correctly held that New Dominion was not entitled to partial summary judgment in its favor. Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 322–23 (1986).

The Court will issue an Order consistent with this Memorandum Opinion.